ANDREW S. WILLIAMS, appellant, *v.* EDWARD O. SMITH, appellee.

*Appeal from Macon.*

A promissory note payable when William Henry Harrison should be elected Presisident of the United States is valid, and an action can be maintained thereon, upon averring and proving that the contingent event mentioned in the note has happened.

A count in a declaration showing a cause of action depending upon an uncertain event, is defective unless it avers the happening of such event.

A general judgment rendered upon a general demurrer to a declaration containing three counts, and made several to each, where there are two good counts, and the damages are assessed by the clerk, upon a cause of action set out in one of the good counts, must be sustained, although the third count be defective.

Williams v. Smith.

THIS cause was heard in the Court below, at the May term, 1841, before the Hon. Samuel H. Treat. Judgment was rendered for the plaintiff, upon demurrer to the declaration, for $507.50 damages, and the costs of suit. The defendant appealed to this Court.

JOSIAH LAMBORN, for the appellant.

S. T. LOGAN, for the appellee.

SCATES, Justice, delivered the opinion of the Court: (1)
*Assumpsit.* The first count is on a promissory note made by the defendant to the plaintiff, for the payment, to him or order, of the sum of $500, when William Henry Harrison should be elected President of the United States. It alleges that the defendant " then and there delivered the same to the plaintiff, and that the said William Henry Harrison was long since elected President of the United States."

The second count states that the defendant, for and in consideration of one house and lot, before that time bargained, sold, and conveyed by the plaintiff to the defendant, the possession whereof was delivered to the defendant, did make and execute his certain instrument in writing, bearing date, &c., whereby he promised to pay the plaintiff the further sum of $500, when William Henry Harrison should be elected President of the United States of America; which instrument was delivered to the plaintiff. The plaintiff further avers that William Henry Harrison was duly elected President of the United States.

The third count is *indebitatus assumpsit* in $500, for a house and lot, sold and conveyed by the plaintiff to the defendant, and possession thereof delivered, at the special instance and request of the defendant; which said last sum the defendant promised to pay when William Henry Harrison should be elected President of the United States. Breaches, that he did not pay. General demurrer to the declaration, and made several to each count. Demurrer overruled; which is assigned for error.

It is contended by the appellant, that this contract is void, being against public policy and good morals. There are no facts from which the Court is authorized to infer that the contract grew out of a bet upon the presidential election. We therefore express no opinion as to the validity of such contracts. The writing declared on is *prima facie* evidence of a good or valuable consideration. The contract depended, as to the day of payment, upon a contingency, the election of Wm. H. Harrison to the Presidency. The consideration of the writing in the second count, and of the promise in the third count, is expressed to be the sale, conveyance, and delivery of possession of a certain house and lot. The con-

(1) This cause was decided at the July term, 1841.

sideration is admitted by the demurrer. The contingency of the election is not expressed to be the consideration in either count. But the time of payment did depend upon the happening of that event.

The third count contains no averment that the event has transpired upon which the payment became due. Neither do we deem it essential to enquire whether a contract to be performed upon the happening of an uncertain event, which might never transpire, could not presently be enforced within a convenient time; for the first and second counts set forth a good, subsisting, valid cause of action, and aver that the day of payment is passed, by the happening of the event, which made certain the day of payment, until then contingent. These are all admitted by the demurrer.

The two first counts are therefore good. The demurrer was properly overruled as to them; and upon them the Court properly rendered judgment for the debt and damages.

The third count we think defective, in not showing that the money was due at the commencement of this suit; and the demurrer might have been sustained to that count. But the general judgment rendered upon a general demurrer, made several to each count, must be sustained, there being two good counts. It does not appear that there were any subsequent proceedings in the cause, exclusively applicable to that count. The clerk assessed the damages upon the writing sued on, for which judgment was rendered. The evidence, therefore, was introduced under the good counts. If evidence had been introduced under the last count, which would not have been admissible under the former counts, it might present a different question, whether the judgment could be sustained, depending, in part, upon a defective count. Such does not appear in this case.

The judgment therefore is affirmed with costs.

<em>Judgment affirmed.</em>